UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MENNDEK M. CUSHE**

    **Plaintiff,**

v.                                                              **Case No: 5:19-cv-219-Oc-30PRL**

**DONALD R. JENKINS, et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Upon referral, this case is before the Court on *pro se* Plaintiff's motion to proceed *in forma pauperis*. The Court previously took under advisement Plaintiff's motion to proceed *in forma pauperis* and gave Plaintiff until July 5, 2019 to file an amended complaint, which he has now done. (Doc. 7). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) should be denied and the amended complaint (Doc. 7) should be dismissed.

**I. BACKGROUND**

Plaintiff has filed an amended complaint purporting to bring claims against the following Defendants: Tom Iso, Phil Barber, Ronald Carter, Donald R. Jenkins, Jay Hurley, Doug Ray, and three Unnamed Parties. (Doc. 7). It is difficult to ascertain from Plaintiff's vague and conclusory allegations, and his disjointed narrative, exactly what is alleged against each individual defendant and the timeline of events.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

It appears that Plaintiff took his car in for service at Jenkins Nissan and soon after leaving, noticed a nail in his tire. Plaintiff returned to the shop where the mechanics replaced the tire with a spare and suggested that Plaintiff return the next day to have a new tire installed. The next day, the dealership refused to compensate Plaintiff for the cost of the new tire. At this point, Plaintiff sent in a grievance to the corporate office. Plaintiff then returned to the dealership the following day at which point an argument ensued. Plaintiff concedes that he was angry with the service he received and yelled at the service manager. (Doc. 7 ¶ 61). After Plaintiff yelled at the service manager, Plaintiff alleges he left the premises when the dealership suggested that they would call the police on him for trespassing. Plaintiff maintains that he was baited into yelling at the service manager and that the poor service he received was motivated by racial animus. (Doc. 7).

At some point, Plaintiff does not indicate when, Plaintiff approached Doug Ray, the executive editor of the Ocala Star Banner, to tell him about these allegations. This appears to have been an attempt to get a story published about the alleged racial discrimination by Jenkins Nissan, but Doug Ray declined to report on this story. Plaintiff maintains that Doug Ray's refusal to publish a story on his allegations was motivated by racial animus. Plaintiff claims that Doug Ray operates his paper in a manner that conceals racial discrimination in the community to serve "caucasian interests." (Doc. 7 ¶ 88). Plaintiff also suggests that Doug Ray and Jenkins Nissan conspired together to conceal the racial discrimination alleged in this complaint. (Doc. 7 ¶ 88).

**II. LEGAL STANDARD**

An individual may be allowed to proceed *in forma pauperis* if the individual declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, or "fails to state a claim upon

which relief may be granted." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984). In evaluating a complaint under § 1915, a document filed pro se is to liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8 and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Rule 8, as it is under Rule 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Although Plaintiff is proceeding *pro se* in this action, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dep't of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). While the Court gives more deference to *pro se* litigants, this deference "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv. v. Cty. of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). Despite being given the opportunity to amend, Plaintiff's amended complaint fails to state a claim.

At the most basic level, Plaintiff's amended complaint fails to comply with Rule 8's requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Am. Dental*, 605 F.3d at 1288 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff names nine Defendants without pleading sufficient factual allegations indicating how each Defendant is legally responsible for each of the alleged wrongs. Plaintiff sets forth his allegations in a disjointed, unfocused forty-nine-page narrative, that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321--23 (11th Cir. 2015). This amended complaint fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1321--23.

This Court previously instructed Plaintiff to arrange his complaint in numbered paragraphs, with each paragraph relating to a single set of circumstances in order to comply with Rule 10(b)'s requirement that "a party must state its claims or defenses in numbered paragraphs, each limited

as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). While Plaintiff has organized his amended complaint into numbered paragraphs, he has failed to limit each paragraph to a single set of circumstances. In fact, for much of his amended complaint, it appears that Plaintiff has copied the text from his initial complaint and simply placed numbers next to the paragraphs. Plaintiff has also inserted six different counts without tying any specific allegations to these counts. Plaintiff's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure in Rule 8(a) and 10(b) is by itself sufficient grounds for this Court to dismiss. In addition, the allegations in Plaintiff's amended complaint appear to be frivolous and due to be dismissed.

To state a claim under 42 U.S.C. § 1981, a plaintiff must plead facts demonstrating (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute (e.g., make and enforce contracts, sue and be sued, give evidence, etc.). *White v. Fla. Highway Patrol*, 928 F.Supp. 1153, 1157 (M.D. Fla.1996). Plaintiff's claim of public accommodation discrimination under § 760.08 applies the same prima facie standards of pleading as § 1981. *See LaRoche v. Denny's Inc.*, 62 F. Supp. 2d 1366, 1368, 1370 (S.D. Fla. 1999) (finding that public accommodation claims under 42 §§ U.S.C. 2000a and 1981, and the Florida Civil Rights Act, of which § 760.08 is a part, apply the same prima facie standards).

The conclusory allegations in Plaintiff's amended complaint are insufficient to state a claim under § 1981 or Florida law. Plaintiff does not plead any facts demonstrating intentional discrimination based on his race. Rather, Plaintiff acknowledges that he was offered the services he sought, but that he objected to having to pay for the new tire. He admits that on the third day he visited, the situation escalated only after he yelled at a service manager. There are no allegations

that Defendants made any racist comments or gestures towards him. No evidence is offered to support Plaintiff's allegation that a white customer in similar circumstances would have received a new tire. At most, Plaintiff's allegations suggest that he received unsatisfactory customer service at Jenkins Nissan. For Plaintiff to then say that this poor customer service was the result of a discriminatory scheme designed by Jenkins Nissan management is pure speculation and insufficient to state a claim.

In addition to failing to state a claim, many of Plaintiff's allegations are frivolous conjecture. In his amended complaint, Plaintiff asserts that Jenkins Nissan has "desired goals of racial ill-treatment to non-Caucasian customers." Plaintiff concludes, without any support, that after he submitted his complaint to the corporate office, Tom Iso, the service manager, prepared "to 'prep and provoke' each person in the dealership that he could find for readiness to retaliate against Plaintiff." (Doc. 7 ¶ 34).

Plaintiff speculates that this is all part of a racially discriminatory conspiracy enacted by Jenkins Nissan, and that Jenkins Nissan hires employees based on their willingness to partake in this conspiracy. As purported proof of this conspiracy, Plaintiff alleges that one employee did not talk to him, and that the dealership switched out its previous general manager with a black general manager to disguise its racial animus. Plaintiff even goes so far as to allege that "previous G.M. Steve Teglintay, who remedied the previous problem, although he was Caucasian, was despised for remedying the situation for a non-Caucasian customer in contravention of the racial and fiscal goals of Defendants . . . and subsequently removed because of it." (Doc. 7 ¶ 80). Plaintiff appears to be convinced that Jenkins Nissan is engaged in a dealership-wide conspiracy to discriminate against racial minorities and seems to attribute any actions of Jenkins Nissan employees as clear evidence of this conspiracy.

In short, Plaintiff has offered no facts demonstrating that the actions of Jenkins Nissan were motivated by his race and his allegations appear to be largely frivolous. Instead, Plaintiff is asking this Court to assume that Defendants took actions adverse to the Plaintiff on the basis of his race. This is insufficient to maintain a claim for discrimination under § 1981. *See Ashcroft v. Iqbal*, U.S. 129 S.Ct. 1937, 1951 (2009) (stating that conclusory allegations are "not entitled to be assumed true."); *see also White v. Fla. Highway Patrol, Div. of Fla. Dep't of Highway Safety & Motor Vehicles*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996) (dismissing the plaintiff's § 1981 on the basis that "[u]nder § 1981 Plaintiff is required to plead facts that demonstrate intentional discrimination against the Plaintiff due to his race.").

In the amended complaint, Plaintiff has included a claim that Doug Ray, editor of the Ocala Star Banner, discriminated against Plaintiff, and "violated the public's First Amendment Rights, as well as the Plaintiff's" by refusing to publish a story regarding Plaintiff's allegations. (Doc. 7 ¶ 99). "The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019). Plaintiff has not alleged that Doug Ray is a state actor, and thus, in the absence of such allegations, Doug Ray's editorial discretion is not subject to First Amendment constraints. Even if the First Amendment applied to Doug Ray, Plaintiff has not alleged a viable claim. Plaintiff has not provided any authority for a claim against a private newspaper for rejecting a story. In addition, if the Ocala Star Banner was compelled to publish Plaintiff's story, it would seem to produce a result inimical to the Ocala Star Banner's own First Amendment rights.

Any additional claims for relief that may appear in the amended complaint are frivolous and fail to state a claim. In summary, Plaintiff's amended complaint fails to comply with the Federal Rules of Civil Procedure. Moreover, because Plaintiff's complaint is "replete with

conclusory, vague and immaterial facts not obviously connected to any particular cause of action," Plaintiff has failed to state a claim for relief that is plausible on its face.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the amended complaint (Doc. 7) be **DISMISSED**.

**DONE and ENTERED** in Ocala, Florida on **July 12, 2019**.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties